UNITED STATES of America,
Plaintiff,

v.

Troy PROCTOR, et al., Defendants.

Case Nos. 1:16–cr–169–2 (APM), 1:16–cr–169–5 (APM), 1:16–cr–169–10 (APM), 1:16–cr–169–11 (APM)

United States District Court,
District of Columbia.

Signed February 2, 2017

Christopher Macchiaroli, Assistant United States Attorney, Washington, DC, for United States.

## ORDER

Amit P. Mehta, United States District Judge

Before the court is the Government's motion requesting the court order Defendants Dwight Hayman, Paul Tyler, Londell Mitchell, and Darnell Dubose to submit to the taking of a saliva sample by buccal swab. *See* Gov't's Mot. for an Order Requiring Certain Defs. to Submit to a Saliva Sample/Buccal Swab, ECF No. 114 [hereinafter Gov't's Mot.]. Defendant Hayman objects to the Government's Motion, which Defendant Dubose joins. *See* Def. D. Hayman's Opp'n to Gov't's Mot., ECF No. 123 [hereinafter Hayman Opp'n]; Def. Dubose's Mot. to Join Def. D. Hayman's Opp'n to Gov't's Mot., ECF No. 124. They contend that, absent a representation from the Government that it has recovered analyzable genetic material from the weapons seized in this case, subjecting them to a buccal swab would violate their Fourth Amendment rights to be free from unreasonable searches and seizures. *See* U.S. Const. amend IV. For the reasons that follow, the court grants the Government's Motion as to all four Defendants.[1]

---

1. Defendants Tyler and Mitchell neither filed an objection to the Government's Motion nor sought to join Defendant Hayman's Opposition. Accordingly, in addition to the reasons set forth below, the court grants as conceded the Government's Motion with respect to Defendants Tyler and Mitchell. *See* LCvR 7(b) (permitting the court to treat a party's failure

█ The taking of a buccal swab following a valid arrest supported by probable cause for a serious offense, even without individualized suspicion of other criminal conduct, does not offend the Fourth Amendment. *Maryland v. King*, 569 U.S. ——, 133 S.Ct. 1958, 1978, 1980, 186 L.Ed.2d 1 (2013). In *King*, the Supreme Court held that, when weighed against the Government's interest in identifying arrestees and enabling the criminal justice system to make informed pre-trial decisions, an arrestee's "expectations of privacy [are] not offended by the minor intrusion of a brief swab of his cheeks." *Id.* at 1980. The governmental interest in seeking a saliva sample by buccal swab is even "stronger" when the defendant has been indicted on charges pertaining to firearm possession and the government seeks to link the defendant to seized firearms. *See United States v. Haight*, No. 15–88, 2015 WL 7985008, *1 (D.D.C. 2015).

█ Here, the Fourth Amendment is not offended by allowing the government to retrieve a saliva sample from Defendants Hayman, Tyler, Mitchell, and Dubose because the governmental interest outweighs the mild intrusion on Defendants' privacy. The Government possesses the same heightened interest in retrieving a saliva sample from these four Defendants as it did in *Haight*, because it intends to compare their DNA profiles to any DNA traces found on firearms recovered during a valid search of locations over which each Defendant exercised dominion and control. A grand jury has found probable cause exists that each Defendant possessed the respective firearm recovered at those locations. *See* Gov't's Mot. at 1, 2; Gov't's Reply Mem. in Supp., ECF No. 125 [hereinafter Gov't's Reply], at 4. Therefore, as in *Haight*, "the collection here is not intended for a general database, but for specific comparison to actual evidence

in this case." *See* 2015 WL 7985008, at *1. A straightforward application of *King* and *Haight* warrants granting the Government's Motion as to each Defendant.

Notwithstanding *King* and *Haight*, Defendants Hayman and Dubose contend that the Government cannot justify its request for a buccal swab. First, they assert that a buccal swab can only be taken if the Government represents "that analyzable DNA is actually present on the firearms" the Government seeks to test. *See* Hayman Opp'n at 3. Absent such a representation, they assert, the Government cannot demonstrate a "clear indication" that the desired evidence—a match of a defendant's DNA to the material found on the weapons—would be found from their buccal swabs. *Id.* (citing *Winston v. Lee*, 470 U.S. 753, 761–62, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985)). Second, they argue the Government's request is not sufficiently tailored because it does not identify against which specific firearms the Government intends to compare their DNA profiles. *See id.* at 4. Third, Defendants submit that there are "policy reasons" for not authorizing the collection of saliva samples at this stage. *Id.* The court rejects each argument.

The Fourth Amendment does not, in this case, require the Government to establish a likelihood that a saliva sample will supply evidence in advance of its collection. To begin, in *King*, the Court explained that the Fourth Amendment does not require individualized suspicion of criminal conduct to collect a saliva sample from a mere arrestee because "those arrested on probable cause for a dangerous offense" necessarily have a diminished expectation of privacy. *See* 133 S.Ct. at 1978. Here, Defendants are not mere arrestees, but defendants who have been indicted by a grand jury and whose conduct a neutral magistrate has found warrants pre-trial

to file an opposition to a motion as a conces-     sion).

detention. Consequently, there is an even "greater likelihood of [Defendants'] involvement in the offense" and a corresponding decrease in Defendants' reasonable expectation of privacy. *See Haight*, 2015 WL 7985008, at *1. In light of this reduced privacy interest and "the minor intrusion" that a buccal swab necessitates, *see King*, 133 S.Ct. at 1980, the Government need not make any preliminary showing that there is analyzable material on the weapons in order to justify a request to search Defendants by buccal swab.

Contrary to Defendants' second assertion, the Fourth Amendment does not demand that the Government "tailor" its request for a buccal swab to particular evidence. Defendants offer no authority requiring such tailoring. Even if such authority exists, the Government's request is sufficiently narrow to pass any "tailoring" requirement, given that the Government has represented it will only compare each individual Defendant's DNA profile against the genetic material, if any, found on the individual firearm with whose possession each Defendant is charged. *See* Gov't Reply at 4. This representation renders moot Defendants' concern that the Government may compare their DNA profiles against genetic material collected from *all* the weapons seized in this case.

Defendants' final argument—that "policy reasons" support denying the Government's Motion—also falls short. Defendants contend that "collecting the defendant's sample at this stage increases the likelihood" of, among other things, contamination and degradation of the sample. *See* Hayman Opp'n at 4. As just discussed, however, the Government need not make a representation that the weapons contain genetic material for testing. Moreover, Defendants offer no convincing reason why such a

risk of contamination or degradation of the sample would decrease *after* the Government represents that the weapons contain testable genetic material.

For the foregoing reasons, the Government's Motion is granted as to Defendant Dwight Hayman, Paul Tyler, Londell Mitchell, and Darnell Dubose. These Defendants shall submit to the taking of two swabs from the inside of their mouths by an agent of the Federal Bureau of Investigation at the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue N.W., Washington, D.C. 20001, on February 10, 2017, at 9:30 a.m. Each Defendant's counsel may be present for the collection.